UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY C. EDD,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF PLACER, Placer County Sheriff's Department Sheriff EDWARD BONNER; Placer County Department Corrections Commander DON HUTCHINSON; Placer County Sheriff's Department Sheriff Officer KEN SKOGEN; PLACER COUNTY AUBURN JAIL; AND DOES 1-50, inclusive,<br><br>        Defendants. | No.  2:14-cv-02739-JAM-AC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

    Plaintiff Tony C. Edd ("Plaintiff") sued Placer County for his allegedly unlawful arrest for driving under the influence and the officers' failure to accommodate his medical needs during his arrest and overnight confinement in jail.  Defendants move to dismiss on the basis that the complaint shows probable cause for the arrest and that they were not required to provide any further accommodation for Plaintiff's medical needs.  For the reasons

1

stated below, the Court grants in part and denies in part Defendants' motion.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is a 55-year-old man who suffers from Traumatic Brain Injury ("TBI"), bursitis, arthritis, and "multiple bulging vertebral discs." Compl. ¶ 17. These conditions cause "dizziness, unsteady gait, and lack of coordination" as well as difficulty "mov[ing], sit[ting], and l[ying] down." Id.

On September 16, 2013, Placer County Sheriff's Department Officer Ken Skogen ("Defendant Skogen") received a report of a road rage incident involving a U-Haul Plaintiff had been driving. Compl. ¶¶ 23, 29. Defendant Skogen located Plaintiff and the U-Haul, asked Plaintiff several questions about whether he had been drinking, and conducted multiple field sobriety tests. Compl. ¶¶ 28, 30-32. Plaintiff was unable to complete at least one of the tests, because he did not tilt his head back. See Compl. ¶ 32. Plaintiff clarified to Skogen that the reported "road rage" was simply an "amusing" incident in which he "grabbed a short bamboo tiki torch . . . and played the air guitar and a [sic] little dance in front of [another] vehicle." Compl. ¶ 29. He also explained that he could not tilt his head back because of his disability. Compl. ¶ 32. Defendant Skogen then arrested Plaintiff for driving under the influence. Id.

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 25, 2015.

1 Upon arrest, Skogen placed Plaintiff in his police car,
2 where he remained for over thirty minutes, before driving him to
3 Placer County Auburn Jail ("the jail"). Compl. ¶ 33. While in
4 the car, Plaintiff claims he experienced "severe pain" due to his
5 "disabilities, the handcuffs and his body position[.]" Id. He
6 alleges that he informed Skogen of these problems, but Defendant
7 Skogen "laughed" and told Plaintiff that there was "plenty of
8 room." Id.
9 Once at the jail, Plaintiff claims he spent twelve hours in
10 a "very cold" cell and was "forced [] to sit or lie on a concret
11 [sic] floor or narrow metal beach [sic]." Compl. ¶ 36.
12 Plaintiff further alleges he was later placed in an "extremely
13 cold cell for over an hour," which caused him to "shiver[]
14 uncontrollably." Id. Defendants then released Plaintiff.
15 Compl. ¶ 37.
16 Plaintiff sued the County of Placer, Placer County
17 Sherriff's Department Officers Skogen and Edward Bonner, Placer
18 County Sherriff's Department Corrections Commander Don
19 Hutchinson, and the jail (collectively, "Defendants"). The
20 complaint (Doc. #3) states eleven causes of action as follows:
21 (1) excessive force, (2) false arrest, (3) "Civil Rights
22 Violation," (4) Americans with Disabilities Act ("ADA")
23 violations, (5) assault and battery, (6) false imprisonment,
24 (7) intentional infliction of emotional distress, (8) negligent
25 training, hiring, disciple, and retention, (9) "Unconstitutional
26 Policy," (10) "Unconstitutional Practices/De Facto Policy," and
27 (11) deliberate indifference to serious medical needs.
28 Defendants moved to dismiss (Doc. #7) and Plaintiff filed an

3

"opposition" stating only that "all defects raised in Defendants' Motion maybe [sic] cured by amendment" (Doc. #9). Plaintiff concurrently filed a "first amended complaint" (Doc. #8). The Court struck the amended complaint as untimely (Doc. #14).

The Court now addresses the merits of Defendants' motion as to the original complaint. The Court disregards the claims that Plaintiff evidenced his intent to abandon (i.e., he omitted them entirely from his untimely amended complaint). These abandoned claims are the first, fifth, and eleventh causes of action and all claims against the jail. The Court also disregards Defendants' reply, because it addresses the merits of the stricken amended complaint.

## II.   OPINION

### A.   ADA Violations (Fourth Cause of Action)

"Courts have recognized at least two types of Title II claims applicable to arrests: (1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest[.]" Sheehan v. City & Cnty. of San Francisco, 743 F.3d 1211, 1232 (9th Cir. 2014), cert. granted, 135 S. Ct. 702 (Nov. 25, 2014).

Plaintiff here alleges that Defendants failed to accommodate his disability under both these theories at the following times:

4

1)  When Defendant Skogen arrested Plaintiff because Skogen misperceived his TBI and bulging disc symptoms as impairment, Compl. ¶ 19;

2)  While Plaintiff was in Defendant Skogen's police car for thirty minutes at the scene of arrest and during the drive to the station, Compl. ¶¶ 33-34; and

3)  At the police station when Defendants left Plaintiff in two cold and uncomfortable cells, Compl. ¶ 36.

The Court addresses each of these claims below:

    1. Wrongful Arrest for DUI

"To prevail on his wrongful arrest theory under the ADA, [a] plaintiff must prove that (1) he was disabled; (2) the officers knew or should have known he was disabled; and (3) the officers arrested him because of legal conduct relating to his disability." Orr v. Cal. Highway Patrol, 2015 WL 848553, at *17 (E.D. Cal. Feb. 26, 2015) (citations omitted).

Plaintiff here has adequately pled wrongful arrest. Defendants do not dispute that the complaint states that Plaintiff was disabled and that he was arrested in part because of his "dizziness, unsteady gait, and lack of coordination" as well as his inability to tilt his head back during the field sobriety test. Defendants apparently do dispute the second element — that Defendant Skogen "knew or should have known [Plaintiff] was disabled." See id.; Mot. at 13:9-10 ("[T]he allegations of the complaint do not show an obvious and verifiable disability . . . .").

But Defendants' argument fails, because Plaintiff has alleged that he and others informed Defendant Skogen about his

disability prior to the arrest.  See Compl. ¶ 28, 32.  Whether Skogen actually believed Plaintiff and whether he should have known of Plaintiff's disability under the circumstances are factual questions that this Court cannot take up on this motion to dismiss.  Because Plaintiff has pled all three elements of a wrongful arrest claim, Defendants' motion as to this claim is denied.

>               2.   Failure to Accommodate in Police Car and at Jail

A plaintiff may base a reasonable accommodation claim on an officer's failure to accommodate his disability during post-arrest transportation to prison.  Anaya v. Marin Cnty. Sheriff, 2014 WL 6660415, at *11 (N.D. Cal. Nov. 24, 2014) (citing Gorman v. Bartch, 152 F.3d 907, 916 (8th Cir. 1998)).  He may also base a claim on failure to accommodate within a correctional facility.  Lum v. Cnty. of San Joaquin, 2012 WL 1027667, at *9-*10 (E.D. Cal. Mar. 23, 2012) (citing Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001)).  An officer or facility fails to accommodate a disability where the treatment "caus[es] the person to suffer greater injury or indignity . . . than other arrestees."  Sheehan, 743 F.3d at 1232.

Defendants argue that the allegations related to Plaintiff's experience in the police vehicle do not state a claim, because "[t]he cases have not held that an officer dealing with a subjective claim of disability during an encounter in the field, one that is not objectively verifiable in short order by the officer, must immediately accommodate that claim."  Mot. at 13:24-26.  Defendants provide no further elaboration for this argument, but cite Bircoll v. Miami-Dade Cnty., 480 F.3d 1072,

1  1085-86 (11th Cir. 2007).  <u>Bricoll</u> does not discuss any
2  requirement that a disability be "objectively verifiable in short
3  order."  Because Defendants have not asserted any other reason
4  for dismissal, the claims related to conditions in the police car
5  survive.

6  Defendants next challenge Plaintiff's claims about treatment
7  at the jail.  Defendants argue that "Plaintiff did not suffer any
8  greater indignity than any other person subjected to
9  incarceration in the [jail]" because the cold, concrete cells
10 with metal benches are "inherently uncomfortable" for all
11 detainees.  Mot. at 14:6, 15:1-2.

12 Defendants are partially correct, in that Plaintiff has not
13 pled that he suffered "greater injury or indignity" in regard to
14 the temperature of the cell.  That is, the complaint does not
15 explain how the coldness was related to his disability or how it
16 could have been ameliorated by an accommodation related to that
17 disability.  Plaintiff does not suggest that his disability led
18 to any particular cold sensitivity, so any failure to accommodate
19 Plaintiff's coldness is not actionable under the ADA.  See <u>U.S.</u>
20 <u>Airways, Inc. v. Barnett</u>, 535 U.S. 391, 413-14 (2002).  The Court
21 accordingly dismisses the allegations that Defendants violated
22 the ADA by failing to remedy the coldness of Plaintiff's cell.

23 But Plaintiff's remaining allegations do relate to his
24 disability and are therefore viable.  These allegations are that
25 Defendants "forced Plaintiff to sit or lie on a concret [sic]
26 floor or narrow metal beach [sic]."  Compl. ¶ 36.  Plaintiff's
27 disability allegedly caused him difficulty sitting and lying
28 down; so while other inmates might feel discomfort in such a

cell, Plaintiff felt pain.  See id.  Forcing Plaintiff to remain in this cell without accommodation therefore caused him to suffer greater injury or indignity than his cohorts.

Defendants have also argued that they cannot be liable under the ADA because they housed Plaintiff "in the same manner as all other inmates are housed[.]"  Mot. at 14:15.  But the fact that Defendants had a neutral housing policy for all detainees does not release them from ADA liability.  Indeed, the Ninth Circuit has "repeatedly recognized that facially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). Defendants' argument therefore does not defeat Plaintiff's accommodation claims.

    B.    False Arrest, "Civil Rights Violation," and False Imprisonment (Second, Third, and Sixth Causes of Action)

Defendants argue that the second, third, and sixth claims should be dismissed because the complaint shows facts demonstrating that Defendant Skogen had probable cause to arrest and detain Plaintiff.  Mot. at 16.  The Court agrees that these causes of action fail if there was probable cause.  Indeed, each cause of action alleges that Defendants did not have lawful authority to arrest Plaintiff and transport him to jail.  See Compl. ¶¶ 62-64, 67, 78.  As described below, the complaint shows facts sufficient to establish probable cause.

"Probable cause exists when under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the

8

defendant] had committed a crime." <u>Grant v. City of Long Beach</u>, 315 F.3d 1081, 1085 (9th Cir. 2002) (citation and quotation marks omitted).

The complaint here shows the following facts as to Plaintiff's behavior and Defendant Skogen's knowledge at the time of arrest:

- Plaintiff suffered from a condition that caused "dizziness, unsteady gait, and lack of coordination[,]" Compl. ¶ 19;
- Defendant Skogen was aware that Plaintiff had been driving a U-Haul truck, <u>see</u> Compl. ¶ 23, 25;
- Defendant Skogen was aware that an off-duty officer had called to report a road rage incident involving Plaintiff's U-Haul "where someone was brandishing a shotgun[,]" <u>see</u> Compl. ¶ 29;
- Plaintiff admitted to Defendant Skogen that he "drank only part of a beer about an hour ago[,]" Compl. ¶ 28;
- Plaintiff further admitted that while driving the truck, he had at one point gotten out of the truck, "grabbed a short bamboo tiki torch to be amusing and played the air guitar and a [sic] little dance in front of [another] vehicle[,]" Compl. ¶ 29; and
- Plaintiff failed to complete at least one field sobriety test because he could not tilt his head back, <u>see</u> Compl. ¶ 32.

These facts are sufficient to establish probable cause for impaired driving. Cf. <u>Walker v. City of Post Falls</u>, 2008 WL 4997056, at *7 (D. Idaho May 21, 2008) (finding probable cause

1 and rejecting false arrest claim where "[p]robation officers
2 observed Plaintiff driving erratically and without his headlights
3 on so they reported the possible DUI to the police and followed
4 the Plaintiff.  The probation officers then identified
5 [plaintiff] to the responding officers as the driver of the car
6 they had observed[,] [and] Plaintiff did not pass the field
7 sobriety test . . . .").  Although Plaintiff here offered
8 innocent explanations for his behavior (i.e., that the supposed
9 road rage was simply an amusing dance and that he could not tilt
10 his head back because of "strained muscles and bulging discs,"
11 Compl. ¶¶ 29, 32), Skogen need not have credited those
12 explanations.  See Pennsylvania v. Dunlap, 555 U.S. 964, 964
13 (2008) ("[A]n officer is not required to eliminate all innocent
14 explanations for a suspicious set of facts to have probable cause
15 to make an arrest.").

16 Defendant is correct that the complaint establishes probable
17 cause for Plaintiff's arrest and any further attempt to amend
18 these claims would be futile. Therefore, Plaintiff's second,
19 third, and sixth claims are dismissed with prejudice.  Dismissing
20 the claims on this basis, the Court does not reach Defendants'
21 qualified immunity argument.

  C. <u>Intentional Infliction of Emotional Distress (Seventh Cause of Action)</u>

24 Defendants seek to dismiss Plaintiff's seventh cause of
25 action because their alleged behavior was not "extreme and
26 outrageous" as required for a claim of intentional infliction of
27 emotional distress.  Mot. at 20.  Defendants are correct.  None
28 of the conduct alleged in the complaint is "so extreme as to

1   exceed all bounds of that usually tolerated in a civilized
2   community." See Davidson v. City of Westminster, 32 Cal.3d 197,
3   209 (1982). The Court therefore dismisses the seventh cause of
4   action without prejudice.

   D. <u>Monell Claims Based on Deliberate Indifference
    (Eighth, Ninth, and Tenth Causes of Action)</u>

7     Defendants argue that the Court should dismiss those claims
8   based on deliberate indifference because "merely being cold in a
9   cell, absent further extenuating circumstances, is not sufficient
10  to constitute an Eighth Amendment violation." Mot. at 19:5-6.
11  And absent an Eighth Amendment violation, Defendants contend,
12  Plaintiff cannot state a Monell claim. Id. at 17.
13    "A prison official violates the Eighth Amendment only when
14  two requirements are met: (1) the deprivation alleged is,
15  objectively, sufficiently serious; and (2) the prison official
16  is, subjectively, deliberately indifferent to inmate safety."
17  Wood v. Hughes, 2007 U.S. Dist. LEXIS 97887, at *13 (N.D. Cal.
18  Mar. 20, 2007) (citing Farmer v. Brennan, 511 U.S. 825, 834
19  (1994)). The objective prong is met "only [where] deprivations
20  deny[] the minimal civilized measure of life's necessities[.]"
21  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quotation marks
22  omitted).
23    The complaint here alleges that Plaintiff was "forced [] to
24  sit or lie on a concrete [sic] floor or narrow metal beach
25  [sic][,]" causing "physical and mental pain" and "anxiety," and
26  that he "had no shoes and was only given a thin blanket" during
27  his detention in a "very cold" cell for "over 12 hours[.]"
28  Compl. ¶ 36. Plaintiff also alleges that he was placed in

11

another "extremely cold" cell for "over an hour" without a blanket, causing him to "shiver[] uncontrollably." Id. These allegations are not "sufficiently grave to form the basis of an Eighth Amendment violation." See Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) ("[A]lthough [plaintiff] complains about the temperature in his cell, the conditions in the Medical Center, and the conditions in the temporary holding cell, he has not shown that such circumstances ultimately deprived him of the 'minimal civilized measures of life's necessities.'") (quoting Hudson, 503 U.S. at 9). Plaintiff therefore fails to plead a deliberate indifference claim.

Defendants are also correct that failure to state an Eight Amendment claim necessitates dismissal of Plaintiff's Monell claims based on deliberate indifference. See Palmerin v. City of Riverside, 794 F.2d 1409, 1414 (9th Cir. 1986) ("[A]bsent any constitutional violations by the individual defendants, there can be no Monell liability."); cf. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.") (emphasis in original). The Court therefore dismisses Plaintiff's eighth, ninth, and tenth causes of action without prejudice.

E. Defendants' Remaining Arguments

As described above, the Court dismisses each of Plaintiff's causes of action except parts of Plaintiff's ADA claim (fourth cause of action). Plaintiff asserts the ADA claim only against

12

Defendants County of Placer and Placer County Auburn Jail.  But Plaintiff has evidenced his intent to abandon his claims against the jail, so only the County of Placer remains as a Defendant. The Court therefore does not reach Defendants' further arguments that Defendants Bonner, Hutchinson, and the jail are not properly named.

### III.   ORDER

For the reasons set forth above:

Defendants' motion is GRANTED WITH PREJUDICE as to Plaintiff's second, third and sixth causes of action.

Defendants' motion is GRANTED WITH LEAVE TO AMEND the fourth cause of action to the extent it alleges that Defendants failed to accommodate his coldness.

Defendants' motion is GRANTED WITH LEAVE TO AMEND as to the seventh, eighth, ninth, and tenth causes of action in their entirety.

The Court DENIES Defendants' motion as to the remainder of the fourth cause of action.

Finally, the first, fifth, and eleventh claims have been dismissed pursuant to Plaintiff's evidenced intent to abandon them.

If Plaintiff chooses to amend his complaint, he must file such amended complaint within twenty (20) days from the date of this Order, otherwise the case will proceed only on the remainder of the fourth cause of action that was not dismissed. If an amended complaint is filed, Defendants' responsive pleading is due within twenty (20) days thereafter. Plaintiff is cautioned

1  that he may not include any claims that have been abandoned or
2  dismissed with prejudice in an amended complaint.
3       IT IS SO ORDERED.
4  Dated: April 16, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

14