PLACER COUNTY COUNSEL'S OFFICE
David K. Huskey (SBN 109329)
175 Fulweiler Avenue
Auburn, California 95603
Telephone: (530) 889-4044
Facsimile: (530) 889-4069

Attorneys for Defendants COUNTY OF PLACER,
EDWARD N. BONNER, DON HUTCHINSON
KEN SKOGEN, PLACER COUNTY AUBURN JAIL

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF PLACER**

TONY C. EDD,

Plaintiff,

vs.

COUNTY OF PLACER; Placer County Sheriff's Department Sheriff EDWARD BONNER; Placer County Department Corrections Commander DON HUTCHINSON; Placer County Sheriff's Department Sheriff Officer KEN SKOGEN; PLACER COUNTY AUBURN JAIL; and DOES 1-50, inclusive,

Defendants.

**Case No. 2:14-cv-02739-JAM-AC**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Date: August 5, 2015
Time: 9:30 a.m.
Courtroom: 6
Judge: Honorable John A. Mendez

**INTRODUCTION**

Pursuant to FRCP Rule 12(b)(6), Defendants County of Placer, Ed Bonner, Don Hutchinson, and Ken Skogen move to dismiss plaintiff Tony Edd's First Amended Complaint (FAC) on the following grounds: 1) Ken Skogen is not a "policymaker" who can be sued in his official capacity under 43 USC Section 1983; 2) the acts alleged against Ken Skogen and Doe Defendants are not sufficiently extreme and outrageous to support a claim of intentional infliction of emotional distress and defendants Hutchinson and Bonner are immune pursuant to Gov. Code sections 844.6(a)(2) and

820.8; 3) plaintiff has not alleged sufficient facts to state a *Monell* claim against any defendant; 4) plaintiff has not alleged sufficient facts to support a negligent training, hiring, discipline, retention, and supervision claim; and 5) Defendants Bonner and Hutchinson should be dismissed in their official capacities because plaintiff has sued the County of Placer, so Bonner and Hutchinson are redundant defendants.

**I**

**SUMMARY OF CLAIMS IN PLAINTIFF'S FAC**

The facts alleged in the FAC are similar to the facts alleged in the original complaint. In his FAC, Plaintiff has pled the following claims against the following defendants:

1. ADA violation against the County of Placer
2. Intentional Infliction of Emotional Distress against all defendants
3. Negligent training, hiring, discipline, and retention against County of Placer, Bonner, and Hutchinson,
4. Unconstitutional Policy (42 U.S.C. Section 1983) against all defendants,
5. Unconstitutional Practices / De Facto Policy (42 U.S.C. Section 1983 against Defendants Bonner and Hutchinson and Does 1-50.

**II**

**DEPUTY KEN SKOGEN IS NOT A POLICYMAKER FOR PURPOSES OF SECTION 1983**

Plaintiff's fourth claim for relief alleging unconstitutional policies pursuant to Section 1983 appears to be a *Monell* claim, or municipal liability claim, against Placer County. By naming Deputy Skogen as a defendant in plaintiff's fourth claim for relief, a *Monell* claim, plaintiff is impliedly alleging that he is a policymaker who can be sued in his official capacity. Individuals with final policymaking authority can cause municipal liability for a single decision or action. As stated in *Christie v. Iopa*, 176 F. 3d 1231, 1235 (9th Cir. Haw. 1999),

> [A] municipality can be liable for an isolated constitutional violation when the person causing the violation has "final policymaking authority." See *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 99

> L. Ed. 2d 107, 108 S. Ct. 915 (1988) (plurality) ("Only those municipal officials who have 'final policymaking authority' may by their actions subject the government to § 1983 liability."); *Gillette*, 979 F.2d at 1347 ("The Supreme Court held that a single decision by a municipal policymaker may be sufficient to trigger section 1983 liability under *Monell*, even though the decision is not intended to govern future situations."). Whether an official has final policymaking authority is a question for the court to decide based on state law. See *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 105 L. Ed. 2d 598, 109 S. Ct. 2702 (1989).

However, police officers and Sheriff's deputies are generally not policymakers with final policy-making authority. As stated in *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. Cal. 1996):

> As to matters of police policy, the chief of police under some circumstances may be considered the person possessing final policy-making authority. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). The police officers who shot Bahena were not "officials with final policy-making authority" and they were not ordered to shoot by the police chief, the City Council or anyone else possessing final policy-making authority. Thus, the City is not liable under this theory.

Defendants are unaware of any authority for the proposition that a Sheriff's Deputy who makes an arrest is vested with policymaking authority for the Sheriff's Office, a notion which would be contrary to the generally pyramid shaped hierarchies of most law enforcement organizations. See *Collins v. San Diego*, 841 F. 2d 337, 341-342 (9th Cir. 1998) re discussion of police sergeant not being a final policymaker on the issue of hiring and firing for purposes of *Monell* liability. Plaintiff's *Monell* claim against Defendant Skogen in his official capacity should be dismissed because plaintiff has not alleged any facts that could theoretically make him a policymaker for the County of Placer Sheriff's Office.

## III

## PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM (SECOND CLAIM) SHOULD BE DISMISSED

The case of *Castro v. City of Hanford*, 2008 U.S. Dist. LEXIS 4453, 28-29 (E.D. Cal. Jan. 22, 2008) sets forth the elements of a cause of action for intentional infliction of emotional distress

as follows: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) severe emotional distress; and (4) an actual and proximate causal link between the tortious conduct and the emotional distress. *Cole v. Fair Oaks Fire Protection Dist*., 43 Cal.3d 148, 155, n. 7, 233 Cal.Rptr. 308, 729 P.2d 743 (1987); *Nally v. Grace Community Church of the Valley*, 47 Cal.3d 278, 300, 253 Cal.Rptr. 97, 110, 763 P.2d 948 (1988), cert. denied, 490 U.S. 1007, 109 S. Ct. 1644, 104 L. Ed. 2d 159 (1989)." Furtermore, the "[c]onduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209, 185 Cal. Rptr. 252, 649 P.2d 894 (1982) (quoting *Cervantez v. J.C. Penney Co*., 24 Cal.3d 579, 593, 156 Cal.Rptr.198, 595 P.2d 975 (1979)).

The Court in *Castro*, 2008 U.S. Dist. LEXIS 4453, 28-29 (E.D. Cal. Jan. 22, 2008) further notes that:

> Conduct is extreme and outrageous when it is of a nature which is especially calculated to cause, and does cause, mental distress. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Fisher v. San Pedro Peninsula Hosp*., 214 Cal.App.3d 590, 617, 262 Cal.Rptr. 842, 857 (1989). While the outrageousness of a defendant's conduct normally presents an issue of fact to be determined by the trier of fact, the court may determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. *Trerice v. Blue Cross of California*, 209 Cal.App.3d 878, 883, 257 Cal.Rptr. 338, 340 (1989); *Fowler v. Varian Associates, Inc*., 196 Cal.App.3d 34, 44, 241 Cal.Rptr. 539 (1989).

Based on the allegations of the original complaint, this Court previously determined that Deputy Skogen had probable cause to arrest plaintiff, so the arrest cannot be extreme and outrageous conduct. Plaintiff dismissed his excessive force claim against Skogen, which was limited to a claim that the handcuffs were too tight. Given the complaint of a road rage incident involving a shotgun, Deputy Skogen's initial actions in drawing his weapon and yelling commands were clearly appropriate to control the situation at least until he ascertained that plaintiff did not have a weapon.

The facts alleged by plaintiff gave Deputy Skogen a reason to doubt Mr. Edd's claim of disability for the following reasons: 1) because Mr. Edd was driving a UHaul, there is a reasonable inference that he had been moving large objects and therefore was not physically disabled; 2) because he was driving a UHual, he did not appear to need any special accommodation to ride in a vehicle; 3) because he claimed to have hopped out of a car at a red light to dance and play air guitar in the street with a Tiki Torch, that story suggested balance, energy, and a lack of serious joint pain; i.e., no debilitating physical disability; 4) because Edd admitted that he had been drinking and that he may have smoked marijuana, that reasonably suggested that intoxication might explain his odd behavior – intoxication that might not show up on a breathalyzer; 5) because he was reported to have been in a road rage incident, that suggested behavior inconsistent with a significant physical disability; and 6) because people frequently dissemble in order to avoid arrest and/or manufacture a legal claim, that suggested that his claims of disability, and those of his girlfriend, were false or exaggerated. Therefore, Deputy Skogen's alleged conduct in keeping plaintiff at the scene in the backseat of a patrol vehicle for half an hour following his arrest does not arise to the level of extreme and outrageous conduct as a matter of law. Nor do the allegations of stopping the police vehicle with the intent to beat plaintiff rise to the level of extreme and outrageous conduct in light of the fact that plaintiff alleges that no beating actually occurred. The FAC does not allege that Deputy Skogen had no involvement with Mr. Edd after delivering him to the Placer County Jail.

Plaintiff alleges inaction at the jail in the form of failing to accommodate vague requests for accommodation and/or medical treatment. Plaintiff does not allege any specific medical treatment that he requested that was denied. He was allegedly neglected for 12 hours, and his alleged requests for accommodation ignored. He has not alleged facts that would have alerted passing officers that he clearly needed medical attention – he was not choking, bleeding, passed out, suffering from clear traumatic injury, suicidal, having a seizure, or otherwise in a state that clearly required immediate medical treatment. Whether or not his stay in jail complied with the ADA (and it did), his treatment in the jail, as alleged for a second time, does not support an intentional infliction of emotional distress claim.

Even if the allegations could theoretically support an intentional infliction of emotional distress claim, Defendant's Hutchison and Bonner would be immune from liability for any such injury attributable to the conduct that occurred in the jail pursuant to Government Code Section 844.6(a)(2). See *Teter v. City of Newport Beach*, 30 Cal. 4th 446, 450 - 455 (2003). Furthermore, they would be immune from liability for the alleged tortious conduct of Deputy Skogen in the field pursuant to Government Code Section 820.8 which states: "[A] public employee is not liable for an injury caused by the act or omission of another person." The only potential basis of potential direct liability on the part of Defendants Hutchinson and Bonner, an alleged claim of negligent hiring, training, discipline, supervision, and /or retention of Deputy Skogen does not apply to the facts alleged either, as discussed below.

**IV**

**THE FAC DOES NOT ADEQUATELY ALLEGE A NEGLIGENT TRAINING, HIRING, DISCIPLINE AND RETENTION CLAIM**

Plaintiff has alleged the negligent training, hiring, discipline, and retention of Deputy Skogen caused Mr. Edd to be assaulted, battered, falsely imprisoned, humiliated, handcuffed, and denied accommodation for his disabilities." (FAC at 21:22-24.) This court has already determined that Deputy Skogen did not falsely arrest plaintiff and plaintiff dismissed his excessive force claim. Therefore, the only alleged harm inflicted by Deputy Skogen was an arrest of Mr. Edd allegedly in violation of the ADA, and the alleged failure to accommodate Mr. Edd in the time between the arrest and Mr. Edd being booked into jail in violation of the ADA.

The California Supreme Court has held that a cause of action for negligent hiring, retention, supervision, etc. can be stated directly against individual defendants of a public entity, and therefore against the public entity vicariously through to Government Code Section 815.2; See *C.A. v. William S. Hart Union High School Dist*., 53 Cal 4th 861, 869 - 878 (2012). However, plaintiff must also plead facts showing that the alleged negligence caused the harm in question. *Id.* at 876. Plaintiff has alleged no facts supporting the claim of negligence *in hiring* since he has not alleged that any of the defendants knew, or should have known, of reasons not to hire Deputy Skogen. See

*Flemming v. County of Alameda*, 2015 U.S. Dist. LEXIS 22956 (Northern Dist. Cal. 2015). Therefore, the claim of negligent hiring should be dismissed.

Plaintiff's claim for negligent training, discipline, and retention against Defendants County of Placer, Sheriff Bonner and Captain Hutchinson is premised on the allegations of defendants' knowledge of wrongdoing by Deputy Skogen. (FAC at 21:2-26.) The alleged wrongdoing by Deputy Skogen – the tragic shooting death of his two year-old daughter, his "inappropriate relationship with a minor," and his alleged prior excessive force - do not in any way indicate that Sheriff Bonner or Captain Hutchinson should have known that Deputy Skogen would violate the ADA during his encounter with Mr. Edd. Indeed, plaintiff does not allege that any named defendant other than Deputy Skogen knew about alleged improper relations with a minor before Mr. Edd's arrest took place. The allegation that other officers "reported" Deputy Skogen is too vague to support this claim since plaintiff does not allege what alleged conduct by Skogen that the other officers allegedly reported.

As noted above, there is no allegation that either Defendant Bonner or Captain Hutchinson directly supervised Deputy Skogen. To the extent that one might infer from specific incidents alleged that Deputy Skogen needed closer supervision, plaintiff has alleged that Sergeant Quillinan was with him at the scene when he was arrested. (FAC at 7:15-22.) It would be difficult for Sheriff Bonner or Captain Hutchinson to provide closer supervision of Deputy Skogen's activities than having a sergeant on scene. Therefore, plaintiff has not alleged facts to link the alleged failure to train and/or supervise to plaintiff's harm, so those claims should be dismissed.

Furthermore, the plaintiff has not alleged facts showing that either Sheriff Bonner or Deputy Hutchinson were directly involved in the training of Deputy Skogen. "Liability for negligent selecting, training, retaining, supervising or otherwise controlling the agent 'is one of direct liability for negligence, not vicarious liability.'" *Ochoa v. City of Hayward*, 2013 U.S. Dist. LESIS 115547 (Northern Dist. Cal, 2014). Therefore, third claim for alleged negligent training and supervision of Deputy Skogen should be dismissed as to defendants Bonner and Hutchinson.

Moreover, Captain Hutchinson is clearly not the hiring and firing authority for the County of Placer Sheriff's Office. Plaintiff has not alleged a theoretical basis for a claim of direct negligence retention of and /or discipline of Deputy Skogen against Captain Hutchinson. See discussion *William S. Hart*, *supra*, 53 Cal. 4th at 876. Indeed, plaintiff has not alleged that they were even in the same chain of command, but has alleged that Captain Hutchinson "as at all times mentioned herein, the Placer County Sheriff's [Office] Corrections Commander employed by Placer County and acting in that capacity. (FAC at 3:11-13.) Plaintiff alleges that Captain Hutchinson was responsible for the training and supervision of jail employees, not officers in the field. (FAC at 3:13-15.) Therefore, the claim of negligent hiring, retention, and discipline should be dismissed as to Captain Hutchinson.

Lastly, the Supreme Court limited the duty of supervisory personnel to reasonably train, hire, discipline, and retain their subordinates to those person with whom the supervisory personnel have a "special relationship," such a school administrators who have a special relationship with the students in their schools. *C.A. v. William S. Hart Union High School Dist.*, 53 Cal 4th 861, 869 - 878 (2012). There is no "special relationship" between the police and the public in general. See *Virginia G v. ABC Unified Sch. Dist.*, 15 Cal. App. 4th 1848, 1854 (1993) (holding "the responsibility of school officials for each of their charges, the children, is heightened as compared to the responsibility of the police for the public in general."); see *Wallace v. City of Santa Rosa*, 2013 U.S. Dist. LEXIS 72085 (Northern Dist. Cal. 2013). Plaintiff has alleged no facts which would support any sort of "special relationship" between defendants Bonner and Hutchinson and the plaintiff, that would have created a direct duty of care on the part of defendants Bonner and Hutchinson toward Mr. Edd. Clearly, the situation of Sheriff Bonner and Captain Hutchinson vis a vis Mr. Edd, a member of the general public, is not analogous to the situation of school officials vis a vis students in their school. Plaintiff has pled no facts suggesting that he relied upon defendant Hutchinson or defendant Bonner to protect him from defendant Skogen, or that either defendant Hutchinson or defendant Bonner somehow increased the risk of harm faced by Edd during his interaction with defendant Skogen. See e.g. *Minch v. Department of CHP*, 140 Cal. App. 4th

895,905 (2006) re the general application of the special relationship doctrine to police torts. Absent facts pled showing a "special relationship" between specific members of the supervisory and/or management staff of the Sheriff's Office and Mr. Edd, plaintiff's third claim should be dismissed.

**V**

**THE FAC DOES NOT ADEQUATELY ALLEGE**

**A *MONELL* CLAIM**

Plaintiff does not allege that Deputy Skogen's alleged misconduct toward him was anything other than an isolated act. His other allegations of wrongdoing against Deputy Skogen referencing the tragic death of his daughter and the "inappropriate relationship with a minor," are irrelevant to the facts of Deputy Skogen's encounter with plaintiff. Nothing about the death of Deputy Skogen's daughter implicates his ability to perform his duty while on the job. Certainly, the type of alleged "abuse of authority" alleged in connection with Deputy Skogen's "inappropriate relationship with a minor" has no similarity to the type of abuse of authority alleged by Mr. Edd.

As stated in *Trevino*, supra, 99 F.3d at 918:

> Absent a formal governmental policy, [plaintiff] must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Gillette*, 979 F.2d at 1346-47. The custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell v. Dept of Soc. Serv. of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978).Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). *See also: Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy).

Plaintiff alleges no other similar conduct, only that with respect to his arrest and jailing, ADA rules were not followed.

Plaintiff alleges several inapplicable ADA regulations with which Placer County allegedly did not comply. Plaintiff alleges that Placer County violated 28 C.F. R. Section 35.152(b)(2) by

failing to "ensure that inmates or detainees with disabilities are housed in the most integrated setting appropriate to the needs of the individuals." On the face of the FAC, this regulation appears focused on integrating disabled persons with other persons and into other programs appropriately. Plaintiff's claims have nothing to do with his integration with other pretrial detainees, or integration into programs available to them and this regulation does not address an alleged failure to accommodate. (FAC at 18:14-16.)

Plaintiff alleges that Placer County violated 28 C.R.R. Section 935.130(b)(7) by failing to make "reasonable modifications in policies, practices, or procedures when modifications are necessary to avoid discrimination on the basis of disability." Plaintiff does not allege that he was discriminated against due to his disability; i.e., that he was denied access and services available to other able-bodied pre-trial detainees; he alleges a failure to properly accommodate his disability. (FAC at 18:17-21.)

Plaintiff alleges that Placer County violated 28 CFR Sections 1235.106 and Section 35.109(a), which address the alleged failure to designate an employee to coordinate efforts to comply with the ADA and to investigate complaints alleging noncompliance, and the alleged failure to adopt grievance procedures for prompt and equitable resolution of complaints alleging prohibited action under the ADA respectively. Plaintiff alleges that he was in jail overnight for approximately 12 hours. These investigative and grievance procedures would not be the alleged "moving force" behind the alleged failure to accommodate him. Plaintiff does not allege that he ever attempted to file a grievance for prompt and equitable resolution of his complaints alleging prohibited action under the ADA, only that he made such complaints. (FAC at 18:23 – 19:5.)

As to the conduct in the field, plaintiff alleges that there was a failure to train Skogen and Sgt. Quillinan about DOJ principles, including, standard practices for transporting persons in a wheel chair. (FAC at 12:15-21.) Since plaintiff was driving his own vehicle and/or a UHaul, dancing in the street with a Tikki Torch, etc., defendants do not understand what allegedly failing to train regarding transporting wheelchair bound persons has to do with this case. In short, plaintiff is attempting to bootstrap an alleged systemic lack of policies for enforcement of ADA requirements

from his singular experience involving circumstances where the legitimacy of his alleged claims of disability was certainly not clear.

Moreover, none of his complaints about TBI appear to apply to the problem of sitting in the back seat of police vehicle, sitting or lying down on hard narrow benches or the floor in the jail, etc. Those problems arguably relate to plaintiff's amorphous claim of neck and back disc problems in a 52 year old male. Plaintiff's dramatic rendering of his walk beyond the secured perimeter of the jail without assistance is the only point at which his alleged TBI disability might have been relevant to his travails in the jail, and he does not allege that he asked for a wheelchair or other assistance at that time. (FAC at 15:22-16:4.) Plaintiff alleges that "Placer County employees refused to provide any type of reasonable accommodation for Plaintiff (such as a wheelchair)," but does not allege that during this walk that he asked for accommodation. *Id.* Even if he did ask, and he was refused a reasonable accommodation, this singular event does not a *Monell* claim make.

Lastly, defendants have not discerned a material difference between the allegations in the Fourth and Fifth claims except the former allegedly addresses "policies," and the latter allegedly addresses "de Facto policies" or practices. As a technical point, plaintiff does not allege that the de facto policies or practices in the Fifth claim were the moving force behind the alleged constitutional deprivations suffered by plaintiff; i.e., plaintiff did not plead causation, and so has not alleged the elements of a *Monell* claim in his Fifth Claim for relief. While that defect presumably could be cured by amendment, defendant raises it in part because there is no need to allege two separate *Monell* claims, one based on policies and the other on de facto policies or practices. Even if plaintiff has arguably alleged sufficient facts to state a *Monell* claim, one of those two claims should be dismissed because they are redundant.

/ /

/ /

/ /

/ /

/ /

**VI**

**SHERIFF BONNER AND CAPTAIN HUTCHINSON SHOULD NOT BE NAMED AS DEFENDANTS IN THEIR OFFICIAL CAPACITY**

A claim pursuant to 42 U.S.C. Section 1983 against an individual in his official capacity is the same as a suit against the public entity. As stated in *Chavez v. Las Vegas Metro. Police Dep't*, 2012 U.S. Dist. LEXIS 75217, 5-6 (D. Nev. May 30, 2012):

> There is no longer a need to bring official capacity actions against local government officials [in their official capacities], for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Because an official capacity suit against a municipal officer is equivalent to a suit against the government entity, the court may dismiss the officer as a redundant defendant where both the officer and the entity are named. *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dept*., 533 F.3d 780, 799 (9th Cir. 2008).

Here, it is redundant to plead a claim against the County of Placer and Sheriff Bonner and Captain Hutchinson in their official capacities. Given that the County of Placer is a named defendant in the lawsuit, Sheriff Bonner and Captain Hutchinson should be dismissed from plaintiff's Section 1983 claims as defendants in their official capacity (Fourth and Fifth Claims). *Id.*

**CONCLUSION**

Based on the foregoing, defendants respectfully request that the Court grant their motion to dismiss Defendant Skogen from the *Monell* claims because Deputy Skogen clearly is not a policymaker who can be sued under a *Monell* theory. Defendants respectfully request that the Court dismiss plaintiff's intentional infliction of emotional distress claim because plaintiff has not alleged facts sufficient to state such a claim against any defendant, and plaintiff cannot state such a claim against Defendants Hutchinson and Bonner due to Government Code Sections 844.6(a)(2) and 820.8(a)(2). Defendants respectfully request that the Court grant their motion to dismiss plaintiff's negligent hiring, training, etc. because that is a direct liability claim that requires a special relationship between the named individual defendants and the plaintiff, and the allegations of the

complaint do not show any facts that would suggest a wrongful hiring of Deputy Skogen, do not show any facts linking Hutchinson and Bonner directly to the training or supervision of Deputy Skogen, and do not show that Hutchinson has any direct responsibility for the discipline and retention of Deputy Skogen. Defendants respectfully request that the Court grant their motion to dismiss the *Monell* claims for failure to state a claim because plaintiff has not adequately alleged any custom, policy, or practice that might support a *Monell* claim. In addition, Defendants Hutchinson and Bonner should not remain in this case in their official capacities because plaintiff has sued the County of Placer, so having official capacity defendants is redundant.

Respectfully submitted.

Dated: May 20, 2015

PLACER COUNTY COUNSEL'S OFFICE

By: /s/ DAVID K. HUSKEY

DAVID K. HUSKEY
Attorneys for Defendants COUNTY OF PLACER, EDWARD N. BONNER, DON HUTCHINSON, KEN SKOGEN and PLACER COUNTY AUBURN JAIL